UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HECTOR H.G.,

      Petitioner,

      v.

WARDEN OF THE GOLDEN STATE
ANNEX FACILITY, et al.,

      Respondents.

No. 1:26-cv-00198-TLN-SCR

**ORDER**

This matter is before the Court on Petitioner Hector H.G.'s [1] ("Petitioner") Motion for a Temporary Restraining Order ("TRO")[2] (ECF No. 1), Motion to Proceed in Forma Pauperis (ECF No. 2), and Motion to Appoint Counsel (ECF No. 3). For the reasons set forth below, Petitioner's motions are GRANTED.

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf. The Clerk of Court is directed to update the docket to reflect this change accordingly.

[2] Based on the substance of Petitioner's brief and the relief requested therein, the Court construes Petitioner's pleading as a motion for a temporary restraining order. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (stating that pleadings by pro se litigants must be held to less stringent standards than formal pleadings drafted by lawyers).

1

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is an asylum seeker who entered the United States on June 5, 2024.  (ECF No. 1 at 5.)  Immigration and Customs Enforcement ("ICE") released Petitioner on his own recognizance and imposed reporting conditions and electronic monitoring.  (*Id.*)  For more than one year, Petitioner complied with his reporting obligations.  (*Id.* at 5.)

On October 29, 2025, Petitioner was detained during a scheduled in-person ICE check-in.  (*Id.* at 6.)  Petitioner was told that his detention was due to sending required photos late, which Petitioner alleges is false.  (*Id.* at 6.)  Petitioner was not provided any pre-deprivation or prompt post-deprivation opportunity to contest his detention before a neutral decision-maker.  (*Id.*)

On January 5, 2026, Petitioner filed a petition for writ of habeas corpus challenging his detention as unlawful.  (ECF No. 1.)  Based on the substance of Petitioner's brief and the relief requested therein, the Court construes Petitioner's pleading as a motion for a temporary restraining order.

## II.      STANDARD OF LAW

For a TRO, courts consider whether Petitioner has established: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Petitioner must "make a showing on all four prongs" of the *Winter* test.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  In evaluating a petitioner's motion, a district court may weigh petitioner's showings on the *Winter* elements using a sliding-scale approach.  *Id.*  A stronger showing on the balance of the hardships may support issuing a TRO even where the petitioner shows that there are "serious questions on the merits . . . so long as the [petitioner] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *Id.*  Simply put, Petitioner must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in petitioner's favor in order to succeed in a request for a TRO.  *Id.* at 1134–35.

///

### III.    ANALYSIS

#### A.    Likelihood of Success on the Merits

Petitioner has established a likelihood of success on his due process claim.  The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  *Hernandez v. Session*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all "persons" within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent.").  These due process rights extend to immigration proceedings.  *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

As for the first step, the Court finds Petitioner has raised serious questions as to whether he has protectable liberty interest.  *See Rico-Tapia v. Smith*, No. CV 25-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025) (noting "[e]ven where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause").  As stated, Petitioner was released on his own recognizance on June 5, 2024. (ECF No. 1 at 5.)  After being released, Petitioner complied with his reporting obligations.[3]  (*Id.* at 5–6.)  As this Court has found previously, along with many other courts in this district when confronted with similar circumstances, Petitioner has a clear interest in his continued freedom. *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened

---

[3]    Even if Petitioner sent some required photos late, nominal indiscretions do not necessarily warrant a legitimate basis for detention.  *See*, *e.g.*, *Bernal v. Albarran*, No. 25-CV-09772-RS, 2025 WL 3281422, at *6 (N.D. Cal. Nov. 25, 2025) (finding detention of asylum applicant improper under § 1226(a), even if the petitioner violated the conditions of her release, because she was not a danger to society or a flight risk).

petitioner's liberty interest).

As to the second step – what procedures or process is due – the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  As set forth below, the Court finds Petitioner has established his due process rights were likely violated.

First, Petitioner has a substantial private interest in remaining free from detention. Petitioner was out of custody, during which time Petitioner complied with his release conditions, and has three minor children.  Despite that, Petitioner has now been detained without being afforded a hearing.  Accordingly, this factor weighs in favor of finding Petitioner's private interest has been impacted by his detention.  *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation is considerable given Petitioner has not received any bond or custody redetermination hearing.  "Civil immigration detention, which is nonpunitive in purpose and effect is justified when a noncitizen presents a risk of flight or danger to the community."  *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025) (internal quotation and citation omitted).  Petitioner represents he has complied with his reporting obligations.  (ECF No. 1 at 5–6.)  Based on this record, the Court finds there is a serious likelihood Petitioner will be erroneously deprived of his liberty interest. Moreover, without any procedural safeguards to determine whether his detention was justifiable, the probative value of additional procedural safeguards is high.  *R.D.T.M.*, 2025 WL 2617255, at *4.

Finally, the Government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal.  *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025).  As this Court has stated, it would be less of a fiscal and administrative burden for the Government to return Petitioner home to

4

await a determination on his immigration petition than to continue to detain him.

On balance, the Court finds the *Matthews* factors demonstrate Petitioner is entitled to due process – a hearing to determine whether his detention was warranted. Accordingly, with respect to his due process claim, Petitioner has shown he is likely to succeed on the merits.

### B.    Irreparable Harm

Petitioner has also established he will suffer irreparable harm in the absence of a TRO. The Ninth Circuit recognizes "irreparable harms imposed on anyone subject to immigration detention," including "the economic burdens imposed on detainees and their families as a result of detention[.]" *Hernandez*, 872 F.3d at 995. Such harm is present here. Petitioner is detained and has been separated from his partner and children. Even if this was not sufficient to establish irreparable harm, "[i]t is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

### C.    Balance of Equities and Public Interest

As to the final two *Winter* factors, "[w]hen the government is a party, the analysis of the balance of the hardships and the public interest merge." *Nat'l Urban League v. Ross*, 484 F. Supp. 3d 802, 807 (N.D. Cal. 2020) (citing *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014)). The Court finds there is no equitable reason that would tip the balance in the Government's favor. First, it is clear on this record that the balance of equities tips decidedly in Petitioner's favor as the Government "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983). Second, "it is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres*, 695 F.3d at 1002. Moreover, "the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Diaz v. Kaiser*, No. 3:25-CV-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) (internal citation omitted).

In sum, these last two factors also weigh in Petitioner's favor. Therefore, the Court GRANTS Petitioner's request for immediate release.

**IV.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED:

1.  Petitioner's Motion for a Temporary Restraining Order is GRANTED.

2.  The bond requirement of Federal Rule of Civil Procedure 65(c) is waived.  Courts regularly waive security in cases like this one.  *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011).

3.  Petitioner Hector H.G. shall be RELEASED IMMEDIATELY from Respondents' custody. Respondents shall not impose any additional restrictions on him, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing. Respondents must file a notice certifying compliance with this provision of the Court's Order by 5 p.m. on January 13, 2026.

4.  Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a hearing before a neutral fact-finder where: (a) Respondents show there are material changed circumstances which demonstrate that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk.  At any such hearing, Petitioner shall be allowed to have counsel present.

5.  Respondents are ORDERED TO SHOW CAUSE why this Court should not issue a preliminary injunction requiring Respondents to continue to abide by this Court's Order. Respondents shall file responsive papers by **January 19, 2026 by 5 p.m.**  Respondents shall indicate in their briefing whether they request a hearing.  Fed. R. Civ. P. 65(b)(3).

6.  Respondents are hereby notified of their right to apply to the Court for modification or dissolution of the Temporary Restraining Order on two days' notice to Petitioner.  Fed. R. Civ. P. 65(b)(4).

7.  Petitioner's Motion to Proceed in Forma Pauperis (ECF No. 2) is GRANTED.

8.  Petitioner's Motion to Appoint Counsel (ECF No. 3) is GRANTED; Within seven days from the date of this order, the appointing authority for the Eastern District of California

6

shall identify counsel and send counsel's contact information to Michele Krueger, Courtroom Deputy for Chief Judge Troy Nunley, who shall update the docket to reflect counsel's appointment.

9. The Clerk of Court is DIRECTED to serve this Temporary Restraining Order and Order to Show Cause and the Petition for Writ of Habeas Corpus on Respondents at **usacae.ecf2241-imm@usdoj.gov**.

10. The Clerk of Court is DIRECTED to update the docket to only list Petitioner's first name and last initials.

IT IS SO ORDERED.

DATED: January 12, 2026

_____
Troy L. Nunley
Chief United States District Judge