UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HECTOR H.G.,

       Petitioner,

       v.

WARDEN OF THE GOLDEN STATE
ANNEX, et al.,

       Respondents.

No. 1:26-cv-00198-TLN-SCR

**ORDER**

On January 12, 2026, the Court granted Petitioner Hector H.G.'s ("Petitioner") Motion for a Temporary Restraining Order ("TRO") releasing Petitioner and ordered Respondents: (a) to file a notice certifying compliance by January 13, 2026 and (b) to show cause why a preliminary injunction should not issue on the same terms.  (ECF No. 5.)

As to the Court's order regarding a notice of compliance, the Court notes Respondents have not filed a notice of compliance and the time to do so has passed.  Therefore, the Court ORDERS Respondents to SHOW CAUSE as to why Respondents should not be sanctioned for failure to follow Court order.

As to the Respondents' response to the Court's order to show cause as to why a preliminary injunction should not issue, Respondents argue Petitioner is subject to the mandatory detention framework of 8 U.S.C. § 1225(b).  (ECF No. 7.)

1

Courts nationwide, including this one, have overwhelmingly rejected Respondents' argument. *See e.g.*, *Hortua v. Chestnut, et al.*, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 (E.D. Cal. Dec. 9, 2025); *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (estimating over 350 cases ruled DHS's July policy improper across 160 different judges sitting in about 50 different courts nationwide); *Mirley Adriana Bautista Pico, et al. v. Kristi Noem, et al.*, No. 25-CV-08002-JST, 2025 WL 3295382, at *2 (N.D. Cal. Nov. 26, 2025) (collecting cases); *Armando Modesto Estrada-Samayoa v. Orestes Cruz, et al.*, No. 1:25-CV-01565-EFB (HC), 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases).

"These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases). For these reasons, the Court finds Petitioner is not an applicant "seeking admission" subject to mandatory detention under § 1225(b)(2).

Petitioner is entitled to constitutionally compliant due process when the Government revokes a conferred liberty interest.[1] *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."). As this Court held

---

[1] The Court has already found Petitioner established each of the *Winter* elements sufficient to warrant relief as set forth in the TRO. (ECF No. 5.) Because the standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction, *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), the Court incorporates its reasoning from the TRO, does not duplicate its analysis here, and only addresses new arguments raised by the parties.

previously, Petitioner was released on his own recognizance on June 5, 2024, complied with all release conditions and has a clear interest in his continued freedom.  (ECF No. 5 at 3.)  Petitioner was entitled to a hearing to determine whether his detention was warranted, and that process was denied.  (*Id.* at 3–5.)  Respondents do not contest any of these facts nor provide any justification for detaining Petitioner without compliance with constitutional protections.[2]

Thus, to prevent further irreparable harm, the Court issues a preliminary injunction. Respondents are enjoined and restrained from imposing additional restrictions on Petitioner's terms of release, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are further enjoined and restrained from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation/custody hearing before a neutral decisionmaker, where: (a) Respondents show there are material changed circumstances which demonstrate that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk.  At any such hearing, Petitioner shall be allowed to have his counsel present.

IT IS SO ORDERED.

Date: January 27, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]    Respondents note Petitioner was previously ordered removed and Petitioner's criminal history but provide no substantive discussion on how either should change the Court's analysis. (ECF No. 7 at 1–2.)  Indeed, Respondents concede, twelve years after Petitioner was removed, Petitioner and his family presented themselves at the San Ysidro Port of Entry, and Petitioner was released on his own recognizance.  (ECF No. 7 at 2.)  Therefore, consistent with the reasoning provided in the Court's TRO (ECF No. 5), the Court finds, upon his release, Petitioner gained a liberty interest in his continued release.